## Reeher v. New Brighton Area School District

*J. Lauson Cashdollar,* for plaintiff.
*E. Earl Autenreith,* for defendants.

WALKO, *J.,* November 21, 1986—

## HISTORY

Plaintiff, by her guardian, filed a "complaint for injunction" requesting a permanent injunction requiring the School District to have the 10 day suspension removed from her school record and to reinstate her to the cheerleading squad. Pursuant to a September 30, 1986 order, a hearing on plaintiff's request for a permanent injunction was set for October 3, 1986. When the hearing began, counsel for both parties agreed that the case would be presented to the court on a stipulation of the facts which follow.

## STIPULATED FINDINGS OF FACT

1. On Friday, September 19, 1986, the New Brighton High School and Ellwood City High School scheduled a football game at the latter's field in Ellwood City, Pa.

2. On September 19, 1986, Jonna Reeher was a cheerleader for New Brighton High School.

3. Jonna Reeher was scheduled to attend the game on a school bus provided by the New Brighton Area School District, however, she appeared at the game having arrived by other transportation.

4. Ms. Bernadette Ulizio, the teacher employed by the School District to supervise and train the cheerleaders during the game, believed she smelled the odor of alcohol on the breath of Jonna Reeher.

5. For purposes of this case but without consideration of the actual accuracy thereof, Jonna Reeher concedes Ms. Ulizio's observations concerning alcohol.

6. Ms. Ulizio asked Jonna Reeher if she had been drinking but Jonna Reeher turned away from Ms. Ulizio without answering.

7. Ms. Ulizio did not see Jonna Reeher possess or use alcohol at this school function.

8. Ms. Ulizio did not provide any information indicating that Jonna Reeher was under the influence of alcohol at this related school function.

9. On Monday, September 22, 1986, following a meeting with Jonna Reeher, Enrico Antonini, the High School Principal, suspended Jonna Reeher for 10 days for violating the School District's Drug and Alcohol Abuse Policy.

10. The School's Drug and Alcohol Abuse Policy relied upon by Mr. Antonini in suspending Jonna Reeher is attached hereto as Exhibit "A."

## DISCUSSION

Before we are in a position to discuss the merits of plaintiff's case, we must first determine the authority of the school district to promulgate such regulations and, further determine the subject matter jurisdiction of this court.

In pertinent part, we find that the Public School Code of 1949, Act of March 10, 1949, P.L. 30, Art. I §101 and the Student Rights and Responsibilities, Title 22, Pennsylvania Code, §12.1 et al, adopted July 26, 1974 provide authority for this action on the part of the school board.

The Supreme Court of Pennsylvania has held that the rules and regulations promulgated by the Pennsylvania State Board of Education as set forth in the Student Rights and Responsibilities, Title 22 are a valid exercise of the State Board's legislative rule making power. Girard School District v. Pittenger, 481 Pa. 91, 99, 392, A.2d 261, 265 (1978).

Courts are not permitted to substitute their discretion for that exercised by administrative officers when reviewing these rules and regulations. Rather, courts are required to view these rules and regulations as binding as a statute enacted by the General Assembly, Popp v. Western Beaver County School District, 9 D.&C. 3d 514 (1979).

"Thus, the regulations promulgated by the State Board of Education have the same force and effect and are as binding on the respondent school district and this Court as are the provisions of the school code itself which has been enacted by the General Assembly." Popp at 521.

Section 12.6 of Title 22 states that an exclusion from school is either a "suspension" or an "expulsion." A suspension is an exclusion from school for one to 10 consecutive school days; an expulsion is an exclusion from school for a period exceeding 10 school days. That section also provides for an "informal hearing" for a suspension which exceeds three school days and a "formal hearing" for an expulsion. 12.6(b)(iv) and 12.6(b)(2).

The following due process requirements are provided for in explusion cases which must have a formal hearing, section 12.8(b)(1):

"(i) Notification of the charges shall be sent to the student's parents or guardian by certified mail.

(ii) Sufficient notice of the time and place of the hearing must be given.

(iii) The hearing shall be held in private unless the student or parent requests a public hearing.

(iv) The student has the right to be represented by counsel.

(v) The student has the right to be presented with the names of witnesses against the student and copies of the statements and affidavits of those witnesses.

(vi) The student has the right to request that any such witnesses appear in person and answer questions or be cross-examined.

(vii) The student has the right to testify and present witnesses on his own behalf.

(viii) A record must be kept of the hearing, either by a stenographer or by tape recorder. The student is entitled at the student's expense, to a copy of the transcript.

(ix) The processing must be held with all reasonable speed."

In addition, 12.8(b)(2) states:

*"Where the student disagrees with the results of the hearing, recourse is available in the appropriate court of the Commonwealth.* If it is alleged that a constitutional issue is involved, the student may file a claim for relief in the appropriate Federal District Court. (Emphasis added)

The following due process requirements are provided for in suspension cases which only require an *informal hearing.* Section 12.8(c)(2):

"(i) Notification of the reasons for the suspension shall be given in writing to the parents or guardian and to the student.

(ii) Sufficient notice of the time and place of the informal hearing shall be given.

(iii) A student has the right to question any witnesses present at the hearing.

(iv) A student has the right to speak and produce witnesses on his own behalf.

(v) The district shall offer to hold the informal hearing within the first five days of the suspension."

It is most noteworthy that an appeal to "the appropriate court of the Commonwealth" is provided for in the case of expulsions but is absent in the case of suspensions.

It is obvious that no such appeal from suspension determinations was intended in such a case. Where the appropriate authority has seen fit to provide for an appeal in one instance but has not so provided in another, we must conclude that no appeal in such matters was ever intended.

We view the "complaint for injunction" as filed in this case as an effort to appeal from the "informal hearing" provided for in cases of suspension. It seeks all of the results one would hope to achieve by an appeal.

The state has clearly distinguished suspensions from expulsions by providing different due process provisions in each case. Clearly, if an appeal to the court of common pleas from an informal hearing on suspension up to 10 days was intended, a provision for the same would have been included.

We are, under the above reasoning, required to conclude that this court does not have subject matter jurisdiction to invade this area involving suspensions and, therefore, we must deny plaintiff's request for injunctive relief.

## ORDER

And now, November 21, 1986, plaintiff's complaint is dismissed for the reasons set forth in the opinion.